UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Calvin Noble (5),<br><br>Defendant. | Case No. 23-cr-156 (SRN/TNL)<br><br><br>**ORDER** |

Thomas Calhoun-Lopez, Esther Mignanelli, Kristian Weir, and David Green, United States Attorney's Office, District of Minnesota, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for the United States.

Lee R. Johnson, Johnson & Greenberg PLLP, 5775 Wayzata Blvd., Suite 700, St. Louis Park, MN 55416, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Andrew Calvin Noble's Second Motion to Sever Defendant [Doc. No. 231]. Based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court grants the motion.

**I. BACKGROUND**

Mr. Noble is charged as the fifth defendant in a six-count indictment, which includes three counts charging violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq*. (Indictment [Doc. No. 1].) Mr. Noble is not charged under any of the three RICO counts (Counts 1–3). (*Id.*) Instead, Mr. Noble is charged with having conspired to distribute controlled substances (Count 4), with having possessed with

1

the intent to distribute controlled substances (Count 5), and with having possessed a firearm in furtherance of drug trafficking (Count 6). (*Id.*) Mr. Noble is the only remaining defendant charged in Counts 4, 5, and 6. (*Id.*)

The RICO counts, against each of Mr. Noble's co-defendants, include underlying allegations of multiple violent crimes and conspiracies to commit violent crimes, including murder. (*Id.*) Mr. Noble now moves the Court for an order severing his trial from that of his co-defendants, on the grounds that he would be substantially prejudiced if he were to go to trial alongside them. The Government, and Mr. Noble's co-defendants, have advised that they do not oppose severance [Doc. No. 231].

## II.   DISCUSSION

### A.   The Law

The Court has the authority to grant relief from proper, albeit prejudicial, joinder pursuant to Federal Rule of Criminal Procedure 14(a). Rule 14(a) provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Relief under Rule 14 "lies within the discretion of the trial judge." *United States v. Rodgers*, 732 F.2d 625, 628–29 (8th Cir. 1984).

Severance is appropriate "only if there is a serious risk that [a] joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Lee*, 374 F.3d 637, 646 (8th Cir. 2004) (quoting *Zafiro v. United States*, 506 U.S. 534, 538 (1993)). To demonstrate

2

prejudice sufficient to warrant severance, a defendant must establish that "(a) his defense is irreconcilable with that of his co-defendant," or "(b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Sanchez-Garcia*, 685 F.3d 745, 754 (8th Cir. 2012).

### B. Analysis

In this case, Mr. Noble argues that the quantity, complexity, and depth of the evidence the Government will introduce to convict his co-defendants of Counts 1–3 places him at risk of unfair prejudice. Specifically, he argues that the jury will be unable to compartmentalize the evidence, and will therefore be unable to make a reliable judgment about his own guilt or innocence.

The Court agrees with Mr. Noble's position. Were Mr. Noble to be tried for the drug and gun offenses with which he is charged, alongside his three co-defendants being tried for RICO charges involving violent crimes, he might be at a risk of unfair prejudice. Further, although joint trials "play a vital role in the criminal justice system" as they "promote efficiency," *Zafiro*, 506 U.S. at 537, in this case the indictment does not allege any overlapping charges or underlying conduct between the offenses Mr. Noble is alleged to have committed and those of his co-defendants. Accordingly, the Court will exercise its discretion and sever Mr. Noble's trial from that of his co-defendants. *Rodgers*, 732 F.2d at 629.

## III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Andrew Calvin Noble's Second Motion to Sever Defendant [Doc. No. 231] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 27, 2024                                   /s/ Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge